IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP MENDOZA,

    Petitioner,                      No. 2:11-cv-1891 GEB DAD P

    vs.

G. SWARTHOUT, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is serving a sentence of twenty-seven years to life in state prison following his 1982 conviction on charges of first degree murder with a sentencing enhancement for use of a weapon.

        In his federal habeas petition, petitioner challenges a 2010 decision of the California Board of Parole Hearings (Board) to deny him a parole date for a period of seven years.  Petitioner claims that his right to due process was violated because:  the Board relied unfairly on his commitment offense and certain pre-commitment offense factors to deny him parole; the Board's decision was arbitrary and capricious; he was denied a fair parole suitability hearing; and the Board failed to provide him a "factually adequate" statement of reasons for the denial of parole.  (Pet. (Doc. No. 1), at 2, 3 & 25.)  Petitioner also claims that application of the

1

provisions of Proposition 9, so-called Marsy's Law, at his parole hearing violated the Ex Post Facto Clause of the United States Constitution. This matter is before the court on respondent's motion to dismiss pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Rules"). Petitioner opposes the motion in part.

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." A motion for summary dismissal pursuant to Rule 4 of the Habeas Rules is an appropriate motion in habeas proceedings. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).

I. Due Process

In his first claim for relief, petitioner contends that the Board's 2010 decision to deny him parole violated his federal constitutional right to due process of law because it was not supported by sufficient evidence and the Board relied unfairly on his commitment offense and certain pre-commitment offense factors when consideration of other factors supported his release on parole.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a

1 parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Cooke, the Supreme Court reviewed two cases in which California prisoners were denied parole - in one case by the Board, and in the other by the Governor after the Board had granted parole. Cooke, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state

courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Cooke, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63. See also Pearson, 639 F.3d at 1191.[1]

Relying on the decision in Superintendent v. Hill, 472 US 445, 456 (1985), petitioner argues that the federal due process clause requires that a parole denial be support by at least "some evidence" in order to avoid arbitrary decisionmaking. Petitioner contends that in Cooke the Supreme Court only held that the federal courts did not have the authority to grant habeas relief based on a determination that the state courts had erred in applying the "some evidence" standard that the California Supreme Court has determined applies to California parole decisions. Petitioner argues that the Supreme Court did not answer the question of whether the federal due process clause itself requires a parole denial be supported by at least the "some evidence," as required by Superintendent v. Hill, in order to avoid arbitrary decisionmaking. Even if this contention were to have some persuasive force, it has specifically been foreclosed by the Supreme Court. See Cooke, 131 S. Ct. at 862 ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement."); Cooke, 131 S. Ct. at 863 (Justice Ginsburg, concurring) (Concluding that the Ninth Circuit has recognized Greenholtz as the controlling precedent in assessing the denial of parole under California's system and not the Hill standard applicable to revocation of a prisoner's good time credits.)

/////

---

[1] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1       Here, it is plain from the record in this case that petitioner was present at his 2010 parole consideration hearing, that he participated in that hearing, and that he was provided with the reasons for the Board's decision to deny him parole. See Respondents' Motion to Dismiss (Doc. No. 10 ), at Ex. P. According to the United States Supreme Court, the federal due process clause requires no more. Petitioner is therefore not entitled to federal habeas relief with respect to his claim one.

II. Ex Post Facto Violation

      Petitioner's second claim for relief is that the Board violated the Ex Post Facto Clause by applying to him a longer period of time between parole consideration hearings in accord with the provisions of California's Proposition 9, also known as Marsy's Law, enacted into law in November 2008. Petitioner was convicted and sentenced to 27 years to life in prison with the possibility of parole in 1982, twenty-six years prior to the passage of Proposition 9.

      Prior to enactment of Proposition 9, California law provided that parole hearings were to be conducted annually and the Board was authorized to defer subsequent hearings for "'[t]wo years after any hearing at which parole is denied if the board finds that it is not reasonable to expect that parole would be granted a hearing during the following year and states the bases for the finding'" or up to five years for convicted murderers. Gilman v. Schwarzenegger, 638 F.3d 1101, 1104 (9th Cir. 2011) (quoting former California Penal Code § 3041.5(b)(2)). "Proposition 9 significantly changed the law governing deferral periods." Id.

> The most significant changes are as follows: the minimum deferral period is increased from one year to three years, the maximum deferral period is increased from five years to fifteen years, and the default deferral period is changed from one year to fifteen years. See id. Further, the burden to impose a deferral period other than the default period increased. Before Proposition 9 was enacted, the deferral period was one year unless the Board found it was unreasonable to expect the prisoner would become suitable for parole within one year. Cal.Penal Code § 3041.5(b)(2) (2008). After Proposition 9, the deferral period is fifteen years unless the Board finds by clear and convincing evidence that the prisoner will be suitable for parole in ten years, in which case the deferral period is ten years. Cal.Penal Code § 3041.5(b)(3)(A)-(B) (2010). If the

> Board finds by clear and convincing evidence that the prisoner will be suitable for parole in seven years, the Board has discretion to set a three-, five-, or seven-year deferral period. Id. § 3041.5(b)(3) (B) - (C).

Id. at 1104-05.  At his 2010 parole suitability hearing, the Board set a seven year deferral period for petitioner, two years longer than the maximum deferral period under the previously applicable provisions of California law.

Respondent contends that this claim is not cognizable in this habeas corpus proceeding because success on the claim would not necessarily shorten petitioner's time in prison.  Respondent also argues that this claim presents the same issue that is pending before this court in the class action case Gilman v. Fisher, 05-0830 LKK GGH P, that petitioner is a member of the Gilman class and "does not suggest that his membership in the Gilman class is insufficient to protect his rights", and that this claim should therefore be dismissed "to avoid unnecessary and duplicative litigation."  (Motion to Dismiss (Doc. No. 10), at 4.)

Here, petitioner has made no argument in opposition to this aspect of respondents' motion to dismiss, nor has he addressed the issue in any way.  Accordingly, the court will recommend dismissal of petitioner's ex post facto claim without prejudice to any relief that may be available to him as a member of the Gilman class.  See Johnson v. Parole Board, No. CV 12-3756-GHK (CW), 2012 WL 3104867, at * (C.D. Cal. June 26, 2012) (Recommending dismissal of petitioner's ex post facto challenge to Proposition 9 "without prejudice in light of the ongoing Gilman class action.") (and cases cited therein), report and recommendation adopted by 2012 WL 3104863 (C.D. Cal. July 25, 2012).

## CONCLUSION

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in these findings and recommendations, petitioner has not made a substantial showing in his first claim for relief that his constitutional right to due process was violated by the Board's 2010 decision to deny him parole, and he has tendered no argument in opposition to dismissal of his Ex Post Facto Clause claim from this action without prejudice in light of the ongoing Gilman class action litigation. Accordingly, no certificate of appealability should issue.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondents' October 10, 2011 motion to dismiss (Doc. No. 10) be granted;

2. Federal habeas relief be denied as to petitioner's first claim;

3. Petitioner's claim that his rights under the Ex Post Facto Clause were violated by the Board's 2010 decision to defer his further parole consideration for a period of seven years be dismissed without prejudice to any relief that may be available to petitioner as a member of the class in Gilman v. Fisher, 05-0830 LKK GGH P; and

4. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////
/////
/////
/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
mend1891.mtd